**Randy CARR, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 49A04–8910–CR–474.**

Indiana Court of Appeals, Fourth District.

Sept. 17, 1990.

John P. Young, Young & Young, India-napolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Louis E. Ransdell, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

## Case Summary

CHEZEM, Judge.

Defendant/Appellant, Randy Carr, appeals from his conviction of Theft, a class D felony. We affirm.

## Issue

Whether the trial court erred in admitting evidence of an unrelated crime.

## Facts

On February 9, 1987, Mabel Dillner called Department of Natural Resources Conservation Officer, David Windsor, to a wooded area she owned in Marion County. During his investigation, Officer Windsor discovered that nine (9) black walnut trees [1] had been cut down, and that the butt log of each had been removed. Officer Windsor also found several Budweiser beer cans,

paint flecks on trees, a cash receipt for an Auto Works Store # 415, and four (4) subscription applications for Highlights children's magazine (Highlights).

On August 22, 1988, Defendant was arrested in Hendricks County for theft of five (5) black walnut trees. The trees were cut and the butt log was taken. The officers also found a sales receipt from G.R. Wood, Inc. (a company to which Defendant had sold black walnut wood), several Budweiser bottle caps, and subscription applications for Highlights. The admission of this incident into evidence is at the crux of this appeal.

### Discussion and Decision

Defendant argues it was improper for the trial court to admit evidence concerning the August 22, 1988 theft.

■ Generally, evidence that reveals a defendant's commission of an unrelated crime is inadmissible to prove his guilt. *Storey v. State* (1990), Ind., 552 N.E.2d 477. However, such evidence is admissible if the facts of the two crimes are so similar, unusual, and distinctive as to identify the crimes as having a common perpetrator. *Hobbs v. State* (1984), Ind., 466 N.E.2d 729.

■ Here, the evidence concerning the 1988 theft was clearly admissible. Entry to both sites was achieved by clearing small trees into a wooded area from a nearby road. The trees taken from both sites were black walnut, and these trees were cut improperly. The tire tracks from the 1987 site match the tires found on Defendant's truck at the 1988 site. Likewise, paint flecks found on trees at the 1987 site match that found on Defendant's truck. Several Budweiser cans were found at the 1987 site, and Budweiser bottle caps were found in the truck at the 1988 site. Subscription applications for Highlights were found at both sites.

Moreover, a sales receipt from G.R. Wood, Inc. was found at the 1988 site. The

1. Black walnut is the most valuable timber harvested in Indiana.

proprietor, Gunther Rodatz, testified that Defendant sold him ten (10) black walnut logs between January 15 and February 9, 1987; the logs sold to Rodatz were cut identically to those stolen.

The facts surrounding these two incidents are so similar as to identify a common perpetrator; thus, the trial court prop-erly admitted evidence concerning the 1988 theft.

Affirmed.

MILLER, P.J. and GARRARD, J., concur.